## McANAW v. WILLIAMSON.

No. 6814—Opinion Filed March 12, 1918.

(171 Pac. 715.)

**Replevin — Judgment — Evidence.**

The evidence in this cause is examined, and held, that there is not sufficient legal evidence to sustain the verdict and judgment of the trial court.

(Syllabus by Pryor, C.)

Error from County Court, Comanche County; H. N. Whalin, Judge.

Replevin by D. E. McAnaw against G. E. Williamson. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions to grant a new trial.

W. C. Henderson, for plaintiff in error.

A. G. Sechrist and B. M. Parmenter, for defendant in error.

Opinion by PRYOR, C. This is an action in replevin, commenced on the 20th day of September, 1912, by plaintiff in error for the possession of chattels under and by virtue of the chattel mortgage given to secure

the payment of a certain promissory note. The parties appear the same here as in the trial court, and are referred to as plaintiff and defendant.

The petition of the plaintiff contains the usual allegations in replevin where possession is sought under and by virtue of a chattel mortgage. The property was delivered to the plaintiff on default of defendant to give redelivery bond. The defense of the defendant is that he had an agreement with the plaintiff for an extension of the time of payment of said note, and it was agreed between the plaintiff and the defendant that the defendant should retain possession of the property and sell the same to pay off the note and mortgage, and retain the surplus, if any. He also asks in his prayer $100 damages for the wrongful bringing of replevin action. There is no allegation in the answer as to any damages sought by defendant.

The cause was tried to a jury. The jury returned a verdict in favor of defendant for the restitution of the property seized under the writ of replevin or the value thereof, fixing the value at $615.50, and awarding the defendant $762 damages, for the wrongful detention of the property. The defendant entered remittitur for the $615,-50, and the court thereupon rendered judgment on the verdict against the plaintiff for $762 damages. From this judgment the plaintiff appealed.

The assignment of errors of the plaintiff may be stated generally that the judgment is contrary to law and the evidence, and that the damages, if the defendant is entitled to damages at all, are excessive.

A thorough examination of the evidence of the defendant relative to the damages sought to be recovered convincingly establishes the fact that the damages allowed by the jury in this cause are clearly excessive. Giving the defendant the advantage of the very highest estimate of damages suffered by him as shown by his evidence, it could not possibly exceed one-half of the amount of damages allowed by the jury. The jury fixed the value of the defendant's interest in said property at $615, and allowed damages far in excess of this value. The only damages claimed by the defendant was damage for being deprived of the use of the property.

It is hard to conceive on what theory the defendant is entitled to damages at all in this cause. After the jury returned a verdict he filed a remittitur of the $615, the value of the property fixed by the jury and

given as a substitute for the return of the property. This in effect was a confession that the plaintiff was entitled to the possession of the property. If so, there was no basis for damages in this cause. Therefore this judgment should be reversed, and the cause remanded, with directions to grant a new trial.

By the Court: It is so ordered.